UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,

          Petitioner,

v.

MARY BERGHUIS,

          Respondent.

_____/

Case No. 13-cv-11097

HONORABLE AVERN COHN

**MEMORANDUM AND ORDER**
**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

I.

This is a habeas corpus action under 28 U.S.C. §2254.  Petitioner Gary Morris

(Petitioner) is a state prisoner convicted of three counts of first degree criminal sexual

conduct (CSC-1) and three counts of second degree criminal sexual conduct (CSC-2).

Petitioner is serving concurrent terms of 20-240 years for CSC-1 convictions and 101-5

years for the CSC-2 convictions.  Petitioner has filed a *pro se* petition claims that his

sentence requires that he register as a sex offender, and that changes to the Michigan

sex offender registry law (SORA) violate the prohibition of ex post facto laws of the

United States and Michigan constitutions, violate the separation of powers doctrine of

the Michigan constitution, and violate the due process clauses of the United States and

Michigan constitutions.  For the reasons that follow, the petition will be dismissed

because Petitioner's claims are not cognizable on habeas review.  A certificate of

appealability will also be denied.

II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. Id.; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

III.

Petitioner was convicted in 1995 by jury of three counts of first degree criminal sexual conduct and three counts of second degree criminal sexual conduct. These convictions were based upon Petitioner's repeated sexual abuse of his granddaughter, including sexual penetration, beginning when she was ten years old. Petitioner was sentenced on July 20, 1995 as described above. After exhausting his state remedies, Petitioner filed a petition for writ of habeas corpus in this district, which was denied on the merits in 2004.[1] Morris v. Cason, No. 03-73380 (E.D. Mich.).

In the current petition, Petitioner says that his initial 1995 sentence required registry as a sex offender under M.C.L. § 28.722 ; that the statute was substantially amended in 2011; and that the retroactive application to him of the statute, as amended, violates his state and federal constitutional rights. He argues that the amended statute

---

[1]Petitioner filed another habeas petition, challenging the denial of parole. Morris v. Berghuis, No. 12-10417 (E.D. Mich.). This case was assigned to the undersigned and has been separately dismissed.

2

requires longer registration terms and the submission of more information than did the earlier version of the statute, and requires changed information to be reported within a shorter period of time.

IV.

Petitioner's claims are not cognizable.  A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Collateral consequences of a criminal conviction, such as the ability "to vote, engage in certain businesses, hold public office, or serve as a juror," are insufficient to satisfy the "in custody" requirement for habeas jurisdiction. Maleng v. Cook, 490 U.S. 488, 491-92 (1989).  If  the claims in the petition challenge the collateral consequences of Petitioner's convictions, rather than the custody, it is not cognizable in habeas.  Id.

Every federal circuit court to have addressed the question has uniformly held that challenges to requirements to register as sex offenders are not cognizable on habeas review because they do not challenge custody, but rather challenge collateral consequences of criminal convictions.  See, e.g. Leslie v. Randall, 296 F.3d 518 (6th Cir. 2002) (Ohio sex offender registry); Wilson v. Flaherty, 689 F.3d 332 (4th Cir. 2012) (Virginia and Texas); Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008) (Wisconsin); Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999) (California); McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999) (Oregon); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998) (Washington).  Although Petitioner is currently in the physical custody of the Michigan Department of Corrections, he is not challenging, in this petition, the conviction or

3

sentence upon which his confinement is based.  This petition for writ of habeas corpus challenges only the SORA requirement that Petitioner must register as a sex offender. The petition, thus, does not challenge Petitioner's "custody" within the meaning of 28 U.S.C. § 2254, and therefore habeas relief is not available on any of his claims.

V.

The Court will also deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To be entitled to a certificate of appealability, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state any cognizable claim for habeas relief.  The Court therefore denies a certificate of appealability.

VI.

For the reasons stated above, the petition for writ of habeas corpus is DISMISSED.

A certificate of appealability is DENIED.

SO ORDERED.

4

13-11097 Gary Morris v. Mary Berghuis

s/Avern Cohn_____
UNITED STATES DISTRICT JUDGE


Dated:  May 10, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 10, 2013, by electronic and/or ordinary mail.

s/Sakne Chami____
Case Manager, 313-234-5160